**Charles S. STEELE, Petitioner-Appellant,**

v.

**Fernando PEREZ, Sheriff of Ozaukee County Jail, Port Washington, Wisconsin, Respondent-Appellee.**

No. 87–1152.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1987.

Decided Aug. 20, 1987.

---

Gerald P. Boyle, Gerald P. Boyle, S.C., Milwaukee, Wis., for petitioner-appellant.

Michael R. Klos, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellee.

Before EASTERBROOK and RIPPLE, Circuit Judges, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

Charles S. Steele appeals from the denial of his petition for a writ of habeas corpus, claiming that the state trial court's limitation on cross-examination of prosecution witnesses denied his constitutional right of confrontation. We affirm the judgment of the district court.

I

The state of Wisconsin charged Steele with having sexual contact with three of his students, all under the age of twelve years, while he was a third grade teacher at an elementary school in Wisconsin. He had taught third graders for thirteen years. The charges stemmed from Steele's activities in a "study period" during the daily mathematics class. During this period Steele invited students to his desk in order to give individual attention to their

[*] Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

work. He claimed that he would place the child on his knee, lap, or thigh for the purpose of reassuring and comforting the student. Occasionally he would place his arm around the student's waist in order to prevent the child from falling.

M.C.[1] testified that Steele would touch his penis as M.C. sat on Steele's lap. M.C. said it occurred about twenty times over a four-month period after Christmas, and about five times before Christmas. Each contact lasted about fifteen to twenty seconds. S.R. testified that Steele "juggled his fingers around" while his hand was placed on S.R.'s penis. Later in his testimony, S.R. said he only saw Steele's hand on his penis but never felt it. S.R. testified that it happened about fifteen times. M.J.C. testified that Steele touched his penis about four or five times, and a young girl testified that she saw Steele touch the boys and that she had talked to the boys about the events.

At trial, Steele sought to discredit the testimony of his accusers by cross-examining them about prior instances of lying. Steele intended to establish before the jury that M.C. had lied to Mrs. Hohn, a teacher, about the missing handcuffs from her desk, and that S.R. had lied to his father about being beaten up by an older neighbor boy. The trial judge, however, refused to permit this cross-examination of the children. A jury found Steele guilty of three counts of unlawfully and feloniously having sexual contact with a person under the age of twelve years, in violation of Wis. Stat. § 940.225(1)(d). Steele was sentenced for an indeterminate term of not more than five years on each count, to be served concurrently. The trial judge stayed execution of the sentence and ordered a five-year period of probation with the condition

that Steele be incarcerated for seven months under the work release program.

Before the Wisconsin Court of Appeals, Steele challenged the sufficiency of the evidence and the credibility of his accusers. He also argued that Wis.Stat. § 906.08(2)[2] provides that untruthfulness of a witness can be inquired into on cross-examination, and that a denial of cross-examination would be unconstitutional. His state court appeal proved unavailing, the Supreme Court of Wisconsin denied his petition for review, and Steele began serving his sentence. Steele then sought habeas corpus relief, arguing that his sixth amendment right to confrontation was denied at trial when the court did not allow him to cross-examine witnesses about their prior instances of untruthfulness. The district court found that "the evidence would have elicited the inference that because the boys lied before, they are lying now. The exclusion of such evidence is not a violation of the sixth amendment." Appellant Appendix, A–9. The district court denied Steele's petition but certified this appeal.

## II

Steele makes two arguments in this Court: first, that the state trial court misapplied state evidentiary law when it limited cross-examination of the key prosecution witnesses; and second, that the limitation on cross-examination impinged his constitutional right of confrontation.

■ Steele argues that the evidence he sought to introduce was specifically admissible under Wis.Stat. § 906.08(2). The Wisconsin statutory provision, like Fed.R.Evid. 608(b), generally bars evidence of specific instances of conduct of a witness offered for the purpose of attacking or supporting the witness's credibility. There are two exceptions: specific instances are provable

---

1. The Wisconsin legislature urges the protection of the identity of children during their involvement with the criminal justice system. Wis. Stat. § 950.055 (West Supp.1984).

2. Wis.Stat. § 906.08(2) provides:
SPECIFIC INSTANCES OF CONDUCT. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of

crimes as provided in s. 906.09, may not be proved by extrinsic evidence. They may, however, subject to s. 972.11(2), if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

when they have been the subject of criminal conviction; and specific instances may be inquired into on cross-examination of the principal witness or of a witness giving an opinion of his character for truthfulness. The state evidentiary rule, however, is not a proper subject of inquiry in a federal habeas corpus proceeding. Federal habeas review under 28 U.S.C. § 2254(a) should consider only violations of the Constitution, laws or treaties of the United States. *United States ex rel. Little v. Twomey*, 477 F.2d 767, 770 (7th Cir.), *cert. denied*, 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94 (1973). A federal court in habeas corpus proceedings may "not take the extraordinarily intrusive action of setting aside a state criminal conviction in the guise of due process review, simply because [it] disagree[s] with the state court's interpretation of state law." *United States ex rel. Burnett v. Illinois*, 619 F.2d 668, 671 (7th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). Thus, it serves no purpose for Steele to argue that, on the balance of the probative value and unfair prejudice of the desired evidence, Wisconsin law requires the court to permit the cross-examination.

■ Constitutional argument comes within the purview of this appeal. However, oral argument left unsettled whether Steele had earlier waged a facial challenge to Wis.Stat. § 906.08(2) on constitutional grounds. Based on our review of his habeas petition and the state court record, we conclude that he did not. Because Steele failed to make this argument in his original petition, it is too late to do so now on this appeal.[3]

Steele's confrontation argument is one we can consider; he advanced it in his habeas petition to the district court as well as in his arguments to the Wisconsin courts. He argues that the trial judge's decision to limit cross-examination of two key witnesses denied his constitutional right to confront his accusers. Steele contends, moreover, that the trial judge's decision made all the difference in the outcome at trial. Steele was aware of prior instances of lying. He wanted to question the witnesses in order to present to the jury the fact that children are fully capable of lying. And this fact was crucial because, according to Steele, his greatest hurdle in presenting his defense was overcoming what he perceived as the natural presumption that young children do not lie about these kinds of charges. "Without any ability of the petitioner to challenge the children, the direct denial of the charges is rendered defenseless." Appellant Br. at 10.

The sixth amendment of the United States Constitution guarantees that in all criminal prosecutions the accused shall enjoy the right "to be confronted with the witnesses against him." This right is secured for defendants in state as well as federal criminal proceedings under *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). A primary interest secured by the confrontation clause is the right of cross-examination. *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965). As the Supreme Court has recognized:

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., dis-

---

3. Steele suggested at oral argument that § 906.-08(2) chained the hands of the trial judge and would not permit admission of the desired evidence under any circumstances. The most strained reading could not allow us to agree. Even the briefest examination of the language of the Wisconsin rule reveals that it affords the trial judge the same sort of discretion as the federal rule. To be admissible, the prior instances of conduct must be probative of truthfulness or untruthfulness and not too remote in time. Also, probative value must outweigh the danger of unfair prejudice, confusion of issues, or misleading the jury. Consequently, the Wisconsin statute appears to be like most other evidentiary rules which authorize a trial judge to exercise its discretion to permit or deny the admission of particular evidence.

credit, the witness.... The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.

*Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). A core objective of the right of confrontation is "to guarantee that the fact finder had an adequate opportunity to assess the credibility of witnesses." *Berger v. California*, 393 U.S. 314, 315, 89 S.Ct. 540, 541, 21 L.Ed.2d 508 (1969). Steele contends that he had a fundamental right to question the witnesses of the prior instances of untruthfulness.

The right, however, is not absolute. As the Supreme Court has cautioned:

> trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

*Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). And this means that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985) (emphasis in original). The Court in *Van Arsdall* concluded that

> a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witnesses.'

*Van Arsdall*, 106 S.Ct. at 1436 (quoting *Davis v. Alaska*, 415 U.S. at 318, 94 S.Ct. at 1111).

■ Steele insists that this case is on a par with *Davis*. We cannot agree. In *Davis*, the Supreme Court considered the permitted cross-examination inadequate to develop the issue of bias to the jury. The witness had a juvenile record, was on probation at the time of trial, and could have been a suspect in the crime of which Davis was accused. While counsel was permitted to ask the witness *whether* he was biased, counsel was unable to make a record from which to argue *why* the witness might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial. 415 U.S. at 318, 94 S.Ct. at 1111. The Supreme Court ruled that the limitation on cross-examination was error. However, unlike the evidence excluded in *Davis* —offered to show bias or motivation of the witness—the excluded evidence in this case was intended solely to impeach the credibility of children witnesses. In *United States v. Cameron*, 814 F.2d 403, 406 (7th Cir. 1987), we decided that impeachment of a witness's character as a truthful person, not for bias or motive, distinguishes a case from *Davis*. From the trial transcript, we exhumed one reference to how the children would be motivated to lie about Steele because they had run into trouble in his class, but we fail to recognize any connection with the questions Steele sought to ask of the children. He wanted to ask M.C. about lying to Ms. Hohn, and S.R. about lying to his father. Neither question would prompt a response probative of bias, or of motivation for falsifying testimony. If Steele thinks the witnesses had an incentive to lie, the proposed questions fail to advance such an incentive. Steele makes no further mention of bias or motivation and, therefore, we conclude that the jury had sufficient information to make a "discriminating appraisal" of the witnesses' motives and bias. *United States v. DeGudino*, 722 F.2d 1351, 1354 (7th Cir.1983); *United States v. Fitzgerald*, 579 F.2d 1014, 1021 (7th Cir.), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 611, 58 L.Ed.2d 677 (1978).

In assessing the constitutionality of a trial judge's decision to limit cross-examination, we "look to the record as a whole ... and to the alternative means open to the defendant to impeach the witness." *United States ex rel. Blackwell v. Franzen,* 688 F.2d 496, 501 (7th Cir.1982), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1529, 75 L.Ed.2d 950 (1983). "We must resolve whether the restrictions that the court imposed on the defendant's cross-examination deprived the defense of a meaningful opportunity to elicit available, relevant information that was likely to effectively impeach the credibility of the witnesses." *Cameron,* 814 F.2d at 406.

■ Based on our review of the record, we conclude that Steele had ample opportunity to, and did in fact, elicit information relevant to the credibility of the witnesses. Although Steele was not permitted to cross-examine M.C. and S.R. about the specific instances in issue, M.C. and S.R. did make general admissions about having lied on occasion. Steele gave his own account of an incident wherein M.C. lied about wearing a vest in the classroom in violation of the teacher's rules. Furthermore, Steele introduced a great amount of opinion and reputation evidence regarding the truthfulness of M.C. and S.R.

Ryan Carns testified that M.C. was not very truthful. Thomas Placzkowski, a fellow student, opined that M.C. "doesn't tell the truth, he lies a lot," and considered it the general opinion of the class. Sue Placzkowski, mother of Thomas, testified that it was the general opinion of the mothers that M.C. was not very truthful. Sarah Dries testified that she did not think that M.C. tells the truth. Over the government's objection, Steele secured from Jeremy Kranz, a student, the opinion that M.C.'s reputation for truthfulness was "pretty bad." Alsbeth Ruth Hohn agreed that M.C. had a reputation for being untruthful.

Ryan Carns opined that S.R.'s reputation among classmates was one of untruthfulness. Thomas Placzkowski said that S.R. "[s]ometimes tells lies and stuff," and he considered that to be the general understanding of the class. Sarah Dries testified

that S.R. "doesn't tell the truth." Jeremy Kranz said that S.R. "tells pretty many lies too." Alsbeth Ruth Hohn considered S.R.'s reputation for truthfulness to be "questionable." Susan McKutchin said that S.R. had a reputation for being "untruthful." Patrick Strong agreed.

We think that Steele had a "meaningful opportunity" to "effectively impeach the credibility of the witnesses," *Cameron,* 814 F.2d at 406, and that the jury had before it more than enough evidence to doubt the credibility of the witnesses M.C. and S.R. The trial judge "retains wide latitude insofar as the Confrontation Clause is concerned" to impose reasonable limits on cross-examination which is "repetitive or only marginally relevant." *Van Arsdall,* 106 S.Ct. at 1435. The court's limitation on the questions that could be asked of the witness children did not deny Steele the right of confrontation. *Accord, Cloud v. Thomas,* 627 F.2d 742 (5th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1760, 68 L.Ed.2d 239 (1981).

For the reasons discussed above, we affirm the decision of the district court to deny the petition for a writ of habeas corpus.

AFFIRMED.