968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard DAVIS, Petitioner/Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents/Appellees.
 No. 91-3257.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1992.*
Decided July 16, 1992.
 
 Before BAUER, and Chief Judge, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Richard Davis appeals the district court's denial of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 2
 An Indiana jury convicted Mr. Davis of two counts of child molesting/intercourse, Ind.Code. § 35-42-4-3(c) and one count of child molesting/touching or fondling, Ind.Code. § 35-42-4-3(d). The trial court sentenced him to eight years' imprisonment on each intercourse count and four years' imprisonment on the fondling count, all to be served consecutively. The Indiana Appellate Court summarized the facts, which we do not restate.[1] Instead, we turn immediately to Mr. Davis' contentions that his convictions violate the Double Jeopardy Clause of the Fifth Amendment and that the trial court violated the Confrontation Clause of the Sixth Amendment (both amendments are applicable to Indiana via the Fourteenth Amendment) when it limited defense counsel's cross-examination of two prosecution witnesses.
 
 
 3
 A jury found that on May 5, 1984 Mr. Davis performed sexual intercourse with M.H., a thirteen year old girl, and fondled her with the intent of sexual gratification. Mr. Davis argues that his convictions and consecutive sentences for child molesting/sexual intercourse and child molesting/touching or fondling, violate the Fifth Amendment's prohibition against double jeopardy because they arose out of the same criminal episode.[2] In support of his argument, Mr. Davis contends that it is absurd to separate the intercourse from the touching or fondling into two separate criminal acts for purposes of sentencing because "it is impossible to perform intercourse without fondling the other person."
 
 
 4
 Mr. Davis' contention is without merit. It is firmly established that a single course of conduct may give rise to more than one conviction without contravening the prohibition against double jeopardy. United States v. Dunigan, 884 F.2d 1010, 1015 (7th Cir.1989); United States v. Allen, 798 F.2d 985, 1000 (7th Cir.1986). Furthermore, the proof required for each of Mr. Davis' convictions meets the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), for determining whether two separate statutory violations arising out of the same course of conduct amount to different offenses for the purpose of double jeopardy. "[T]he test to be applied is whether each provision requires proof of a fact which the other does not." Id. at 304. Each of the crimes Mr. Davis was convicted of requires proof of elements that the other does not. Child molesting/sexual intercourse requires proof that a defendant, over 16 years old, performed sexual intercourse with a child under 16 years of age, Ind.Code § 35-42-4-3(c), while child molesting/touching or fondling requires proof that a defendant over the age of 16 touched or fondled a child under the age of 16 for sexual gratification. See Buck v. State, 453 N.E.2d 993, 997 (Ind.1983) (distinguishing child molesting/sexual intercourse and child molesting/fondling or touching for purposes of double jeopardy). As such, we reject Davis' double jeopardy claim and his contention that the trial court's imposition of consecutive sentences for his two child molesting convictions constituted multiple punishments for the same offense. See United States v. McKinney, 919 F.2d 405, 416 (7th Cir.1990) (no violation of double jeopardy when district court imposed consecutive sentences on two offenses arising out of the same course of conduct because the two offenses consisted of distinct elements).
 
 
 5
 Next, Mr. Davis challenges the trial court's limitation of cross-examination of two prosecution witnesses. A federal court may only issue a writ of habeas corpus for violations of federal law. Martinez v. McCaughtry, 951 F.2d 130, 133 (7th Cir.1991). State court evidentiary rulings, because they are the business of state law, seldomly serve as grounds for granting a writ of habeas corpus. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990). Thus, the question is not whether the trial court properly limited cross-examination under Indiana evidentiary rules, but whether the limitations imposed by the trial court resulted in the denial of a particular constitutional right. Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.1990).
 
 
 6
 Mr. Davis contends that the trial court's ruling limiting the cross-examination of prosecution witness William Cook, a psychiatric counselor who treated the victim, violated his Sixth Amendment right to confrontation. At trial, Cook testified as to the general factors or verifiers accepted in the psychiatric field which indicate that a child alleging molestation is being truthful, M.H.'s narration of the event, and the application of the verifiers to M.H.'s behavior. He further testified that when M.H. told him about the molestation "she told it in a way that was extremely believable."
 
 
 7
 On cross-examination defense counsel attempted to question Cook about other clinicians' observations of M.H., which were noted in his (Cook's) files. The State objected on the ground of hearsay. The trial court sustained the State's objection and ruled that defense counsel could not ask Cook about other clinicians' observations of M.H. because Cook had not relied on those observations in testifying. See Sills v. State, 463 N.E.2d 228, 234 (Ind.1984) (records which usually constitute inadmissible hearsay may be admitted into evidence if it can be shown that testifying expert relied on the information contained in the records in formulating her opinion or testimony).
 
 
 8
 The defendant's right to cross-examination is secured by the Confrontation Clause. Steele v. Perez, 827 F.2d 190, 193 (7th Cir.1987). This right, however, is not unlimited. Id. The Sixth Amendment allows a state to impose reasonable restrictions on cross-examination in order to diminish "harassment, prejudice, confusion of the issues, the witness' safety or interrogation that is repetitive or only marginally relevant." Delaware v. Arsdall, 475 U.S. 673, 679 (1986). Mr. Davis wanted to place before the jury other clinicians' observations of M.H.. The Indiana trial and appellate courts specifically found that Cook did not rely on the other clinicians' observations during his testimony; we are bound by this determination. Sumner, 449 U.S. at 545-47. Furthermore, the trial court did not completely restrict defense counsel's use of the notes in Cook's files. Rather, it allowed defense counsel to use Cook's notes for impeachment purposes should inconsistencies emerge. See Davis v. Alaska, 415 U.S. 308 (1973) (in determining whether restrictions trial court imposed on cross-examination violate the Sixth Amendment, reviewing court looks to whether the trial judge gave counsel enough leeway to expose the witness' truthfulness and incentives for testifying). Thus, we find no merit to Mr. Davis' contention that the trial court's limitation of the cross-examination of Cook violated the Confrontation Clause.
 
 
 9
 Lastly, Mr. Davis contends that the trial court violated his right to confrontation when it limited the cross-examination of his former girlfriend L.L. The State called L.L. in its rebuttal case. Prior to her testimony before the jury, the trial court held a hearing in order to establish the scope of cross-examination, during which both parties questioned L.L. On direct, out of the presence of the jury, L.L. testified that while she was dating Mr. Davis, he admitted to her that he had a penchant for little girls and that he had molested his daughter's friend, who was 12 years old at the time. On cross-examination, defense counsel elicited L.L.'s accusations that Mr. Davis had molested her daughter and that Mr. Davis' son had beaten and raped her (L.L.).
 
 
 10
 Defense counsel sought to place these accusations before the jury in order to establish L.L.'s bias. After hearing testimony and arguments from both sides, the trial court ruled that on cross-examination defense counsel could ask L.L. whether she had accused Mr Davis' son of raping her and when the alleged raped occurred, but defense counsel could not ask details about the alleged rape. The trial court reasoned that Indiana's Rape Shield Statute, Ind.Code. § 35-37-4-4, protected L.L. from detailed questioning on the alleged rape. (R. at 825-29). Regarding L.L.'s accusation that Mr. Davis had molested her daughter, the State indicated that it would object to questions concerning this incident on the grounds of hearsay (the daughter was unavailable) and relevance. Without making a specific ruling, the court noted the State's objections and that the scope of L.L.'s direct appeared to be limited to admissions made by Mr. Davis to L.L.. However, the trial court also indicated it might permit defense counsel to ask certain questions regarding the molestation accusation, provided those questions would not run afoul of the State's objections (R. at 830-31). L.L. testified before the jury as to Mr. Davis' admissions. But, defense counsel, contending that the trial judge's anticipated rulings chilled any effective inquiry into L.L.'s motives, declined cross-examination.
 
 
 11
 On appeal, Mr. Davis argues that the trial court's rulings on the molestation and rape accusations violated the Confrontation Clause.[3] Mr. Davis states that had his counsel been able to question L.L. about these matters, he "could have proven that Lacy (L.L.) was a vindictive witness" and "that her whole testimony was an attempt to 'get even' with the defendant for not following through with their marriage."
 
 
 12
 Our examination of the record reveals that the trial court did not unduly restrict counsel's cross-examination of L.L. See Van Arsdall, 475 U.S. at 679. The trial court only limited defense counsel's cross-examination of L.L. in two areas--the rape and molestation accusations. See Steele, 827 F.2d at 195 (in determining the constitutionality of trial court's limitations imposed on cross-examination " 'we look to the record as a whole ... and to the alternative means open to defendant to impeach the witness.' ") (citation omitted). Thus, defense counsel was free to expose L.L.'s alleged vindictiveness and desire to "get even" with Mr. Davis. He could have cross-examined L.L. about her prior relationship with Mr. Davis and their failed wedding plans. Instead, he chose not to cross-examine L.L. at all. Moreover, defense counsel was not prohibited from eliciting L.L's accusation of rape against Mr. Davis' son. The trial court only barred Mr. Davis' counsel from asking L.L. details of the alleged rape. Finally, the trial court never explicitly prohibited defense counsel from questioning L.L. about the molestation accusation. Rather, the trial court informed counsel that there might be questions which it would permit counsel to ask L.L. about the molestation accusation. The trial court gave defense counsel sufficient opportunity to extract information relevant to L.L.'s motives, but Mr. Davis' counsel did not take advantage of this opportunity. Thus, we conclude that the trial court's limitation on the questions that could be asked of L.L. concerning the accusations did not deny Mr. Davis the right of confrontation.
 
 
 13
 Accordingly, the district court's denial of habeas corpus relief is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 There is no allegation that the Indiana Appellate Court made incorrect factual findings or committed any other error that would require reversal of its findings of fact. See 28 U.S.C. § 2254(d)(1)-(8). Accordingly, we presume their correctness. Sumner v. Mata, 449 U.S. 539, 545-47 (1981)
 
 
 [2]
 To the extent that Mr. Davis challenges the sufficiency of the information charging him, we note that the Indiana Appellate court refused to review this claim on the merits because Mr. Davis failed to timely object to the alleged lack of specificity in the information. Before Mr. Davis can obtain federal habeas review of this claim, he must demonstrate both cause for and prejudice resulting from the default. Harris v. Reed, 489 U.S. 255, 260-66 (1989). Mr. Davis made no attempt to explain the default in the district court, nor does he argue cause and prejudice on appeal. Consequently, we do not address Mr. Davis' insufficient indictment claim
 
 
 [3]
 Mr. Davis does not wage a facial challenge to the Indiana Rape Shield statute on constitutional grounds. To the extent that Mr. Davis argues that the trial court incorrectly applied the Indiana Rape Shield Statute, we reiterate that errors in the application of state evidentiary rules rarely serve as a basis for granting relief on federal habeas. Haas, 910 F.2d at 439. Thus, our inquiry is not whether the trial court correctly applied the Indiana Rape Shield Statute in this particular case, but whether the trial court's ruling violated the Confrontation Clause. Stomner, 903 F.2d at 1128