Robert G. KNOCHE, Appellant,

v.

STATE of Indiana, Appellee.

No. 85S00–9211–CR–918.

Supreme Court of Indiana.

Jan. 27, 1993.

Allen J. Zimmerman, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

The Governor of South Dakota issued extradition papers addressed to the Governor of Indiana, who in turn issued a warrant for the arrest of appellant and his extradition to the State of South Dakota.

Upon his arrest in Wabash County, Indiana, appellant asked for appointment of counsel, which was granted, and counsel in turn filed a petition for writ of *habeas corpus* challenging the extradition proceedings. The trial court denied the petition for *habeas corpus* and appellant instituted this appeal.

It is appellant's contention that the trial court erred in denying his petition for *habeas corpus* because the State of South Dakota did not comply with the Uniform Extradition Statute. He claims the papers forwarded by the State of South Dakota failed to demonstrate that appellant was a fugitive from that State and that there is no showing of a filing of any charges against appellant from the time of the alleged crime in 1989 until after his arrest in Wabash County, Indiana. Appellant also contends the only evidence submitted by South Dakota to attempt to show probable cause for his arrest was an unfiled teletype warrant dated September 20, 1989 but it was not until March 9, 1992, six weeks after the arrest of appellant, that the Governor's warrant and supporting documents were sent to Wabash County for extradition. We have examined the record in this case and cannot agree with appellant's claims.

The record clearly shows that on September 20, 1989, a complaint for forgery was filed in the circuit court in the county of Brookings, State of South Dakota, charging Robert G. Knoche with the commission of forgery. The complaint sets forth the detail under which the forgery was committed including a typed copy of the alleged instrument. The papers also show that this complaint was presented to the magistrate court which ordered a warrant issued for the arrest of appellant. All of these papers are certified by the clerk of the circuit court as of the 13th day of February 1992. There can be no doubt from these papers that appellant in fact was a fugitive from the State of South Dakota at the time of his arrest in Wabash County, Indiana

 

and that at the time the Wabash Circuit Court was entertaining the writ of *habeas corpus* both the request from the Governor of the State of South Dakota and the warrant issued by the Governor of Indiana pursuant thereto were in order. The trial court did not err in refusing the writ of *habeas corpus.*

This cause is remanded to the trial court in order that it may order appellant delivered to the South Dakota authorities pursuant to the extradition request.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.