14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Steven A. PEARSON, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1183.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Steven Pearson moved to vacate, 28 U.S.C. Sec. 2255, an order revoking his probation. In September of 1989, Pearson pled guilty to two counts of illegally modifying satellite decoders. Seven other counts were dropped as a result of the plea agreement. Pearson was sentenced in January 1990 to three years of probation. In December of 1990, Pearson pled guilty in state court to arson and theft charges, the arson occurred in September of 1988, and the theft between April 8, 1988 and December 1989. Following a hearing, the district court revoked Pearson's federal probation based on the state convictions. Pearson was sentenced to 12 months' imprisonment, consecutive to the state prison term, and three years of supervised release.
 
 
 2
 Pearson did not appeal the revocation of his probation. 18 U.S.C. Sec. 3742. Two letters from Pearson's appointed counsel confirm that Pearson knew of his right to appeal and had discussed the merits of an appeal with his counsel. Thirteen months after the time for appeal had expired, Pearson filed pro se a motion under Fed.R.Civ.Pro. 60(b)(6) seeking reversal of the revocation of his probation. The district court denied the motion for lack of jurisdiction, even construing it as one under Fed.R.Crim.P. 35 or 28 U.S.C. Sec. 2255. Pearson appealed and we affirm.
 
 
 3
 In his motion Pearson alleged four grounds for relief: (1) "conviction obtained by a violation of the privilege against self-incrimination;" (2) "conviction obtained by a violation of the protection against double jeopardy;" (3) "denial of effective assistance of counsel;" and (4) "denial of right of appeal." A liberal reading of Pearson's appellate brief, reveals three issues raised: (1) the court improperly revoked Pearson's probation based on state crimes that occurred prior to sentencing; (2) the court improperly ordered a term of supervised release to follow the 12 months' imprisonment; and (3) the court "denied Mr. Pearson appeal do [sic] to thinking he plead guilty in state court before Mr. Pearson was sentenced in Federal Court which is not true". The three issues raised on appeal were not raised in Pearson's original motion. A matter not raised before the district court will not be considered on habeas review; accordingly, we cannot address the merits of these three claims. Williams v. Turner, 5 F.3d 1114, 1116 (7th Cir.1993) (failure to raise argument in original motion precludes federal review on appeal); accord, Steele v. Perez, 827 F.2d 190, 193 (7th Cir.1987) (Sec. 2254). The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Pearson has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs