14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert G. KNOCHE, Petitioner/Appellant,
v.
Sheriff WHEATLEY, et al., Respondents/Appellees.
 No. 93-2120.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 27, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert Knoche, a fugitive from South Dakota, was arrested in Indiana in January of 1992 pursuant to an outstanding arrest warrant from Brookings, South Dakota. On March 9, 1992, Knoche was rearrested pursuant to a Governor's extradition warrant. After the Indiana Supreme Court upheld Knoche's arrest under the Governor's warrant, Knoche v. State, 607 N.E.2d 972 (Ind.1993), Knoche petitioned the district court for a writ of habeas corpus.[1] 28 U.S.C. Sec. 2254. Knoche challenged the constitutionality of the arrest that led to the filing of extradition papers, not his extradition to South Dakota. In his habeas petition, Knoche argued that (1) his forgery charge in South Dakota was obtained by use of evidence secured pursuant to an unlawful arrest, (2) he was denied effective assistance of counsel, and (3) his forgery charge was obtained by an illegal search and seizure.
 
 
 2
 Because Knoche contested only the original arrest, and not the rearrest under the Governor's warrant, the district court denied Knoche's petition for failing to state a claim upon which relief could be granted. At the time of the petition, Knoche was being held in Indiana pursuant to the governor's warrant. Thus, any assertion of illegal detention which occurred before the issuance of the governor's warrant had been rendered moot. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (an illegal arrest or detention does not void a subsequent conviction).
 
 
 3
 On appeal, Knoche raises constitutional objections to the validity of his extradition. See Coungeris v. Sheahan, No. 92-3229 (7th Cir. December 9, 1993) (explaining the four issues that the asylum state can review pursuant to a petition for a writ of habeas corpus). Knoche acknowledges that he failed to raise the issue of his extradition in his petition before the district court. (Appellant's Brief at 8) However, Knoche argues that the issue was not exhausted until January 1993 (when the Indiana Supreme Court rendered a decision in Knoche v. State, supra ), after he had filed the habeas petition. At the time Knoche filed this petition, his state remedies were completely exhausted, as required under Rose v. Lundy, 455 U.S. 509 (1982), only if he abandoned any challenge to the extradition. Knoche chose to file his second federal habeas petition without the extradition challenge in order to satisfy the requirement of complete exhaustion. Having done so, Knoche cannot now add claims not raised before the district court. Steele v. Perez, 827 F.2d 190, 193 (7th Cir.1987).
 
 
 4
 Knoche claims that the district court erred in denying his petition without first holding an evidentiary hearing, and has moved in this court for such a hearing. A Sec. 2255 petition may be dismissed in a summary fashion if the record conclusively demonstrates that the petitioner is not entitled to relief. Barker v. United States, 7 F.3d 629, n. 3 (7th Cir.1993). Our review of the record indicates clearly that no evidentiary hearing was needed to determine that Knoche is not entitled to any relief. Knoche's motion for and evidentiary hearing is denied. The district court's denial of his petition is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs
 
 
 [1]
 Knoche filed his first habeas petition, pro se, while his appeal before the Indiana Supreme Court was pending. The petition was dismissed without prejudice for failure to exhaust state remedies