73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert G. KNOCHE, Plaintiff-Appellant,
v.
William WHEATLEY, Defendant-Appellee.
 No. 94-2378.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Robert G. Knoche, a fugitive from South Dakota, was arrested in Indiana pursuant to an outstanding arrest warrant from South Dakota. He was detained and then extradited under court order. Knoche brought this action pro se under 42 U.S.C. Sec. 1983, alleging that the defendant, a county sheriff, had wrongfully arrested him under an invalid warrant. The district court granted summary judgment in favor of the sheriff. Because we find that the defendant sheriff reasonably relied upon information he received about the South Dakota warrant, he is entitled to qualified immunity as a matter of law. We therefore affirm.
 
 BACKGROUND
 
 2
 In September 1989, a warrant was issued in Brookings County, South Dakota for the arrest of Robert Knoche, who was believed to have cashed a forged restaurant "payroll" check in the amount of $321.31.
 
 
 3
 Some time later, William Wheatley, the Sheriff of Wabash County, Indiana, learned through a confidential informant that Knoche was a fugitive from Brookings County, South Dakota. Wheatley contacted the Brookings County Sheriff's Department, which confirmed that Knoche was a wanted felon and that there was an outstanding warrant for his arrest. This information was verified first by telephone, then by facsimile, and finally by a National Crime Index Computer ("NCIC") entry.
 
 
 4
 In January 1992, Knoche was arrested by Wabash County authorities in front of a third party residence. Knoche received a preliminary hearing in Indiana state court, and the state judge found probable cause to detain him. In March 1992, the Governor of South Dakota issued a warrant for Knoche and sought to have him extradited to South Dakota.
 
 
 5
 In November 1992, while in custody at the Wabash County Jail, Knoche sued Sheriff Wheatley under Sec. 1983,[1] challenging the constitutionality of his arrest that led to the filing of extradition papers.[2] Knoche alleged that the South Dakota warrant had not been properly filed or certified; that the papers forwarded by South Dakota failed to demonstrate that he was a fugitive from that state; that the only evidence submitted by South Dakota to attempt to show probable cause for an arrest was an unfiled teletype warrant dated September 20, 1989; that Indiana authorities never verified the information received from South Dakota; that the South Dakota magistrate who issued the warrant was a different person than the Indiana judge who presided over the probable cause hearing; and that South Dakota should not have sought to extradite him because its case was "untriable." Knoche sought only monetary damages. Wheatley filed an answer, raising the affirmative defense of qualified immunity, and later moved for summary judgment.
 
 
 6
 In April 1993, Knoche was extradited to Brookings, South Dakota.[3]
 
 
 7
 In May 1994, the district court granted Wheatley's motion for summary judgment, finding that Wheatley was entitled to act based upon the report of the South Dakota warrant. The court noted that Knoche would have an opportunity at his South Dakota criminal trial to challenge the sufficiency of the warrant along with the admissibility of any evidence arising from the execution of the warrant. (Order of 10/5/93, at 2.) Knoche appealed.
 
 DISCUSSION
 
 8
 As a threshold matter, we consider whether Sheriff Wheatley is entitled to qualified immunity from liability for his role in Knoche's arrest. Under the doctrine of qualified immunity, public officials performing discretionary functions are protected against civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Eversole v. Steele, 59 F.3d 710, 717 (7th Cir.1995) (internal quotations and citations omitted). This circuit has set forth a two-part analysis for qualified immunity: (1) has the plaintiff asserted a violation of a constitutional right? and (2) were the constitutional standards clearly established at the time the violation occurred? Id. A negative answer to either inquiry resolves the matter in favor of the defendant. Burns v. Reed, 44 F.3d 524, 527 (7th Cir.), cert. denied, 115 S.Ct. 2583 (1995).
 
 
 9
 Knoche asserts that Sheriff Wheatley violated his fourth amendment rights by arresting him on the basis of an invalid South Dakota warrant. Knoche argues, for instance, that South Dakota did not properly file charges against him from the time of his alleged crime in 1989 until after he had been arrested in Wabash County, Indiana. Knoche also points out that Wheatley never obtained a warrant to arrest him in his status as a fugitive. However, a Sec. 1983 plaintiff who alleges a violation of his or her fourth amendment rights must show more than the invalidity of an arrest warrant. Lowrance v. Pflueger, 878 F.2d 1014, 1017 (7th Cir.1989). Given the defense of qualified immunity, the Sec. 1983 plaintiff must also show that the defendant had no reasonable good faith belief in the legality of the arrest. Id.
 
 
 10
 The principal inquiry before us is whether Sheriff Wheatley could reasonably rely upon the South Dakota warrant based on the information he received from his confidential informant and his communications with Brookings County, South Dakota officials. We believe that he could. Police officers are entitled to rely upon information received from other police departments in carrying out their duties. In Whitely v. Warden, 401 U.S. 560 (1971), a county sheriff in Wyoming issued a bulletin through a statewide law enforcement radio network for police to arrest a person suspected of burglary. At least one version of the bulletin stated that a warrant had been issued. Id. at 564 & n. 5. Relying on the radio bulletin, police in Laramie arrested the suspect. The Court held that because the sheriff lacked probable cause to obtain the warrant, the evidence obtained incident to the arrest had to be excluded. Significantly, however, the Court observed:
 
 
 11
 We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause.
 
 
 12
 Id. at 568 (emphasis added). See United States v. Hensley, 469 U.S. 221, 232 (1985) ("if a flyer or bulletin has been issued on the basis of articulable facts supporting a reasonable suspicion that the wanted person has committed an offense, then reliance on that flyer or bulletin justifies a stop"); Ruehman v. Sheahan, 34 F.3d 525, 527 (7th Cir.1994). Under Whitely, therefore, police are in a limited sense "entitled to act" upon the strength of a communication through official channels requesting that an arrest be made.
 
 
 13
 The record in this case shows that Wheatley took careful steps to confirm the warrant through various modes of communication. After first learning about the outstanding warrant, Wheatley contacted the Brookings County, South Dakota Sheriff Department by telephone and received verification that Knoche was a wanted felon. Wheatley also received confirmation from the Brookings County Sheriff's Department via facsimile, and then through the NCIC system. Based on these communications, Wheatley's reliance upon the information about the South Dakota warrant cannot be said to have been unreasonable. Therefore, as a matter of law, Wheatley's is entitled to qualified immunity. See Capone v. Marinelli, 868 F.2d 102 (3rd Cir.1989) (holding that a police officer who reasonably relies upon a bulletin that establishes the existence of a warrant for arrest is entitled to qualified immunity for unlawful arrest and prosecution).[4]
 
 
 14
 Because Wheatley did not violate clearly established constitutional rights of which a reasonable person would have known, he is entitled to qualified immunity. Accordingly, we AFFIRM the district court's grant of summary judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Wheatley also named as defendants the Wabash County judge who detained him; the Wabash County prosecutor; the clerk of the Brookings County Court in Brookings, South Dakota; and the state's attorney for Brookings County, South Dakota. These four defendants were all dismissed from the case
 
 
 [2]
 Upon his arrest, Knoche filed a petition for a writ of habeas corpus in state court, alleging that the state of South Dakota did not comply with the Uniform Criminal Extradition Act, which governs the transfer of fugitives from justice. The trial court denied the petition. The Indiana Supreme Court held that the writ was properly denied, and then remanded the case to the trial court to order Knoche delivered to South Dakota authorities in accordance with the extradition request. Knoche v. Indiana, 607 N.E.2d 972 (Ind.), cert. denied, 113 S.Ct. 2376 (1993)
 
 
 [3]
 In South Dakota, he was subsequently convicted in separate jury trials for forgery and being a habitual offender, and was sentenced to 13 years' imprisonment
 
 
 [4]
 We reject Knoche's argument that Wheatley failed to follow the extradition procedures set forth in the Uniform Criminal Extradition Act, which has been adopted by Indiana. I.C. 35-33-10-3(15). The record demonstrates that Wheatley's actions after the arrest did comply with the procedural requirements of the Act