151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gilbert CRIST, Petitioner-Appellant,
v.
Barbara J. DOLAN, Respondent-Appellee.
 No. 97-4116.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1998.
Decided July 28, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96-C-2218 Milton I. Shadur, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JESSE E. ESCHBACH, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Gilbert Crist, an Illinois prisoner, appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Crist is currently serving a 22-year sentence for attempted armed robbery and seeks relief under 28 U.S.C. § 2254 claiming ineffective assistance of both trial and appellate counsel. The district court concluded that the claims were procedurally defaulted but nevertheless issued a certificate of probable cause. We affirm.
 
 
 2
 Because Crist filed his petition for a writ of habeas corpus on April 15, 1996, before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), his case is governed by pre-AEDPA law. See Lindh v. Murphy, 521 U.S. 320, ----, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2254(d), state court findings of historical fact are presumptively correct. We review de novo questions of law and mixed questions of law and fact, such as whether counsel was constitutionally ineffective. See Koo v. McBride, 124 F.3d 869, 872 (7th Cir.1997); Drake v. Clark, 14 F.3d 351, 355 (7th Cir.1994) (citing Sumner v. Mata, 455 U.S. 591, 597, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982)).
 
 
 3
 The petition in this case is Crist's third federal habeas petition.[1] The first one was dismissed because Crist failed to exhaust his state remedies (his direct appeal was still pending), and the second was denied because it failed to implicate any violation of Crist's federal rights (he challenged his sentence on state law grounds). Presented with a third petition, the district court appointed counsel for Crist and counsel amended the petition. Upon reviewing the amended petition, the district court found that Crist procedurally defaulted his ineffective assistance of trial and appellate counsel claims because, although he raised an ineffective assistance of trial counsel claim in his state postconviction petition, he did not raise the same grounds of ineffectiveness in his federal petition. Finding neither cause for Crist's failure to raise his claims nor proof of his actual innocence, the district court determined that there was no basis for excusing Crist's procedural default and denied his petition.
 
 
 4
 On appeal, Crist maintains that he was denied effective assistance of trial and appellate counsel in violation of his Sixth Amendment rights. He contends his trial counsel was ineffective because he failed to: (1) adequately cross-examine the State's witnesses; (2) raise proper objections to the State's direct examination of these witnesses; (3) call rebuttal witnesses; (4) investigate an alibi; (5) file a motion to suppress "show-up" identifications; and (6) prepare for trial. Crist also argues that appellate counsel provided ineffective assistance because he had an actual conflict of interest and failed to raise trial counsel's ineffectiveness on appeal.
 
 
 5
 The State maintains that Crist's ineffectiveness claims are procedurally defaulted. Crist, on the other hand, contends that he raised trial counsel's ineffectiveness in his state postconviction petition and appellate counsel's ineffectiveness in his petition for leave to appeal to the Illinois Supreme Court.
 
 
 6
 The purpose of procedural default rules is to give state courts an opportunity to correct constitutional violations. Momient-El v. DeTella, 118 F.3d 535, 541 (7th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997). To provide this opportunity where the alleged constitutional violation is ineffective assistance of counsel, the "petitioner 'must identify the specific acts or omissions of counsel that form the basis for the claim of ineffective assistance.' " Id. Therefore, to conclude that Crist's claims are not procedurally defaulted we must find that the specific grounds of ineffectiveness raised by Crist in his federal habeas petition were also raised in his state postconviction petition. See id. at 539, 541.
 
 
 7
 Our review of Crist's state postconviction petition reveals that he did not raise the grounds of ineffectiveness asserted now in his federal petition. In his state postconviction petition he alleged that trial counsel was ineffective in failing to file a motion to quash his arrest and failing to cross-examine the State's witnesses (who identified Crist as the robber) about the changes in his appearance between the time of the robbery and trial. In his federal habeas petition, however, he raises entirely new grounds of ineffectiveness.[2] Therefore, because none of the errors raised in Crist's federal petition were raised in his state petition, he has procedurally defaulted his ineffective assistance of counsel claims.
 
 
 8
 To overcome this procedural default Crist must demonstrate good cause for his failure to raise his claims in the state courts and prejudice resulting from that failure, or show that this court's failure to consider his claims will result in a fundamental miscarriage of justice. Aliwoli v. Gilmore, 127 F.3d 632, 634 (7th Cir.1997) (citations omitted). The Supreme Court has equated the miscarriage of justice standard with a claim of actual innocence. Schlup v. Delo, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Crist's appellate briefs do not clearly set forth his theory of the case. But given the absence of any discussion of cause and prejudice and the numerous assertions of Crist's innocence, we conclude that his theory is one of actual innocence.
 
 
 9
 Crist asserts that he is innocent of the crime for which he was convicted--that he was simply in the wrong place at the wrong time. The State maintains that Crist waived any argument of actual innocence by failing to make an express argument and, alternatively, that the claim is without foundation. The State contends that the identification testimony of two eye witnesses firmly establishes Crist's guilt and that Crist has offered no evidence other than his own trial testimony to impeach the witnesses' identifications of him during the trial.
 
 
 10
 To demonstrate actual innocence Crist must show that " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent,' " or in other words, that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). See Whitlock v. Godinez, 51 F.3d 59, 63 (7th Cir.1995). Crist cannot satisfy this standard because he offers no "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, at 324. Instead, he merely argues the merits of his ineffective assistance of counsel claims.
 
 
 11
 For example, Crist contends that his trial counsel was ineffective in failing to investigate his alibi. Yet he fails to present an affidavit from any witness attesting to Crist's whereabouts at the time of the attempted robbery. And for all the errors trial counsel allegedly made in cross-examining the State's witnesses, Crist never explains the evidence that would have been revealed if only counsel had asked the right questions. Crist makes much of the fact that the robber was reported to be wearing a beige coat and Crist was not wearing a coat at the time of his arrest. But he offers no new evidence regarding this allegation. He could have obtained an affidavit from the police officer who allegedly pointed out this discrepancy or a copy of the police report, but he did neither. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. at 316. Therefore, Crist's actual innocence claim fails, and we may not proceed to the merits of his procedurally defaulted ineffectiveness claims.
 
 
 12
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 The district court's denial of Crist's petition rests on both "abuse of the writ" and procedural default grounds. However, abuse of the writ is an affirmative defense, which is waived if not raised. See Burris v. Parke, 95 F.3d 465, 470 (7th Cir.1996) (en banc). Because the State does not appear to have asserted this defense in its answer to Crist's petition, we do not consider it here
 
 
 [2]
 Although Crist challenges counsel's cross-examination of the State's witnesses in his federal petition, he does not raise the specific deficiency asserted in his state petition, i.e., counsel's failure to question the witnesses about the changes in Crist's appearance. Rather, Crist merely points out in a footnote that the change in his appearance makes the witnesses' in-court identifications of him less reliable. Because Crist did not expressly argue this ground of ineffectiveness in his federal petition (or on appeal), we need not consider it further. See Steele v. Perez, 827 F.2d 190, 193 (7th Cir.1987)