**Gary D. WATKINS, Petitioner–Appellant,**

v.

**Christopher MELOY, Respondent–**
**Appellee.**

No. 95–1585.

United States Court of Appeals,
Seventh Circuit.

Argued July 10, 1996.

Decided Aug. 16, 1996.

John R. Maley (argued), Martin Montes, Barnes & Thornburg, Indianapolis, IN, for Petitioner–Appellant.

Robert L. Collins (argued), Office of the Atty. Gen., Indianapolis, IN, for Respondent–Appellee.

Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

Gary Watkins was convicted in 1983 by a jury in an Indiana state court of having attempted to rape S.H., and was sentenced to 30 years in prison. Some years after exhausting his state remedies, *Watkins v. State*, 460 N.E.2d 514 (Ind.1984), Watkins brought this action for federal habeas corpus, and he appeals from the denial of relief by the district court. The only issue that merits discussion is whether the admission of testimony of another woman, C.C., that Watkins had raped her denied Watkins due process of law. The state has expressly waived reliance on the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, which among other things curtails, in habeas corpus proceedings brought by state prisoners, the

scope of federal judicial review of determinations by the state courts in the prisoner's case. The provisions of the new Act governing the scope of federal judicial review do not affect the subject-matter jurisdiction of the federal courts, and are therefore waivable. *Emerson v. Gramley,* 91 F.3d 898, 899–900 (7th Cir.1996).

Watkins lived in the same apartment complex as S.H., and they were acquainted. She testified that she awoke in the middle of the night and found Watkins, who had entered through either the back door or a window, standing near her. She screamed, and he proceeded to try to rape her, failing however because he could not achieve an erection. He admitted having been in her apartment but said he had been there with her consent and that they had not had sex. At the time of the trial, a charge was pending against Watkins for the rape of C.C. The judge, without objection from the prosecutor, granted Watkins' motion to forbid any mention of the pending charge. But in the course of cross-examining S.H., Watkins' lawyer asked her whether she had heard of Watkins' ever making sexual advances to anyone else, and she answered "no, except his girlfriend." On redirect, the prosecutor asked her whether she had heard that Watkins had made sexual advances to C.C., and of what kind; and she replied that she had heard that Watkins had raped C.C. The trial judge then allowed the prosecutor to call C.C. as a witness, telling the jury that it is "only to consider the evidence in order to determine the defendant's intent, ... the similarity of the modus operandi [and] ... the character of the defendant," and "[you] may not consider evidence of any prior offense by the defendant in determining his guilt or innocence." C.C. then testified that in the middle of the night, two months before the incident with S.H., she had awakened to find Watkins, with whom she was acquainted and who lived only a few blocks from her apartment, standing next to her bed and that he had proceeded to rape her. The judge instructed the jury that this evidence had been admitted solely on the "issues of the character, the intent, and the motive and method used by the defendant." The jury convicted Watkins of attempted

rape. Watkins was later tried for the rape of C.C.—and acquitted.

Indiana had at the time of Watkins' trial a judge-made rule of evidence similar to Fed.R.Evid. 404(b), see *Follrad v. State,* 451 N.E.2d 635, 637 (Ind.1983) (many years later the state adopted a rule virtually identical to the federal rule, see Ind. R. Evid. 404(b)), limiting evidence of prior bad acts. Of course the federal rule was inapplicable to the prosecution of Watkins; and the violation of a state rule of evidence is not a denial of due process. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991); *Carson v. Peters,* 42 F.3d 384, 386–87 (7th Cir.1994); *Davis v. Greer,* 13 F.3d 1134, 1139 (7th Cir.1994). So we set aside both the state and the federal rule, along with the new Fed.R.Evid. 413(a), which in a federal prosecution for sexual assault allows the admission of evidence of the defendant's commission of a previous sexual assault, provided only that it is relevant to some issue in the current prosecution. We also put to one side any concern arising from the acquittal of Watkins of the rape of C.C. *Dowling v. United States,* 493 U.S. 342, 352–54, 110 S.Ct. 668, 674–75, 107 L.Ed.2d 708 (1990). Proof of prior bad acts, where it is permitted, requires only a preponderance of the evidence, rather than proof beyond a reasonable doubt as in a criminal trial. So the acquittal was not inconsistent with Watkins' having in fact raped C.C. Her testimony contradicted only by his could have convicted him, though it did not, and certainly could establish the rape by a preponderance of the evidence.

When a state keeps out evidence favorable to the criminal defendant or prevents him from cross-examining the prosecution's witnesses, it runs the risk of being found to have prevented him from defending himself or confronting the witnesses against him, in violation of the Sixth Amendment, which the Supreme Court has applied to the states through the Fourteenth Amendment. *Michigan v. Lucas,* 500 U.S. 145, 149, 111 S.Ct. 1743, 1746, 114 L.Ed.2d 205 (1991); *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). But when the state merely fails to limit the prosecution's

evidence, the only constitutional principle to which the defendant can appeal is a catch-all sense of due process, *Milone v. Camp,* 22 F.3d 693, 702 and n. 9 (7th Cir.1994); *United States ex rel. Lee v. Flannigan,* 884 F.2d 945, 953 (7th Cir.1989), and the appeal almost always fails. E.g., *Estelle v. McGuire, supra,* 502 U.S. at 68–70, 112 S.Ct. at 480–81; *Milone v. Camp, supra,* 22 F.3d at 702; *United States ex rel. Lee v. Flannigan, supra,* 884 F.2d at 953; *Woodruff v. Lane,* 818 F.2d 1369, 1373–74 (7th Cir.1987). If the evidence is probative, it will be very difficult to find a ground for requiring as a matter of constitutional law that it be excluded; and if it is not probative, it will be hard to show how the defendant was hurt by its admission.

■ Watkins' argument is that the two alleged rapes were too dissimilar for C.C.'s testimony to illuminate any issue in S.H.'s case, and so the only purpose and effect of the testimony could have been to show that he was a bad man. But this amounts to arguing that a violation of Fed.R.Evid. 404(b), or its state law counterpart, automatically establishes a denial of due process. For the rule delimits the circumstances in which evidence of a prior bad act really does illuminate an issue in the current case rather than portray the defendant in a generally bad light so that the jury will resolve any doubts about his guilt against rather than in favor of him. Something worse than a garden-variety violation of the standard of 404(b) must be shown to cross the constitutional threshold, and was not here. The two rapes were similar in being midnight acquaintance rape (or attempted rape) following surreptitious entry into the apartment of the victim, a neighbor of the defendant. Whether the similarities were sufficient to establish a method, a signature—a "singular strong resemblance," as we put it in *United States v. Powers,* 978 F.2d 354, 361 (7th Cir.1992)—may be doubted. But clearly the two incidents were not totally dissimilar.

■ The reference to "character" in the judge's instructions may seem troublesome. If a judge tells the jury that it can convict the defendant upon proof that he is a bad character, this might raise problems under the line of cases holding that the Eighth Amendment forbids punishing people for a status (such as being a drug addict), as distinct from an act. *Robinson v. California,* 370 U.S. 660, 666–67, 82 S.Ct. 1417, 1420–21, 8 L.Ed.2d 758 (1962); *Despears v. Milwaukee County,* 63 F.3d 635, 636–37 (7th Cir. 1995). But it is apparent that in context the reference to Watkins' character was to his lawyer's effort to establish his good character by asking S.H. whether she had ever heard of his having made sexual advances (presumably unwanted) to other women. Having opened up the character issue, Watkins freed the prosecutor, theretofore compelled by the judge's ruling to keep C.C. out of the case completely, to establish that Watkins was not, in fact, as the cross-examination of S.H. had suggested he was, a person of high moral character in matters involving sex.

There was no denial of due process, and denial of relief is therefore

AFFIRMED.