**Young Soo KOO, Petitioner–Appellant,**

v.

**Daniel R. McBRIDE, Superintendent, Respondent–Appellee.**

**No. 96–2271.**

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1997.

Decided Sept. 3, 1997.

Young Soo Koo, Westville Correctional Facility, Westville, IN, pro se.

Robert L. Collins (argued), Jeffrey A. Modisett, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Jason Turner (argued), Barry Levenstam, Jerold S. Solovy, Jenner & Block, Chicago, IL, for Amicus Curiae.

Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

In 1992, Young Soo Koo was convicted of rape[1] and was sentenced to twenty years in prison. After exhausting his state court remedies, on November 13, 1995, Dr. Koo filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. The district court denied his habeas petition but granted a certificate of probable cause. On remand from this court, the district court granted a certificate of appealability on one of the three issues Dr. Koo had raised in his habeas petition. For the reasons set forth in the opinion below, we affirm the district court's denial of Dr. Koo's petition for writ of habeas corpus.

# I

## BACKGROUND

On July 31, 1992, in Lake County Superior Court, a jury convicted Dr. Young Soo Koo, a family practice physician, of the rape of a patient during her appointment with him to review her recent x-rays.[2] His defense at trial was that the victim had hallucinated the event because of her use/abuse of valium and codeine. To rebut that position, the prosecution presented the testimony of two witnesses who described sexual misconduct by the defendant that was similar to that charged by the victim. The state trial court

permitted this testimony, after conducting a hearing outside the presence of the jury; however, it cautioned the jury, prior to the testimony and during final instructions, that the evidence was allowed only to weigh the credibility of the victim's statements. Dr. Koo was convicted of the charge of rape and was sentenced to the maximum term of 20 years in prison. His conviction was affirmed on appeal. *See Koo v. State,* 640 N.E.2d 95 (Ind.Ct.App.1994). The Supreme Court of Indiana denied review.

Dr. Koo then sought habeas relief in federal court under 28 U.S.C. § 2254. In his petition for writ of habeas corpus, Dr. Koo raised due process challenges to the gender-biased jury selection process and to the admission of certain "prior bad acts evidence" in the state trial. He also claimed that the 20-year sentence imposed on him constituted cruel and unusual punishment. The district court reviewed each issue and denied the petition.

# II

## DISCUSSION

### A. *Governing Statute*

■ When this case was argued, the circuit had decided in *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) (en banc), that the amendments made by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to the federal habeas statutes, specifically to chapter 153 of Title 28, applied to cases pending on the date of enactment. We therefore asked that the amicus in this case brief and argue whether the grant of a limit-

---

1. The crime of rape is a class B felony under Indiana Code § 35-42-4-1.

2. The Court of Appeals of Indiana found the following facts:

 The record reveals that the victim had been a patient of Dr. Young Soo Koo for more than eleven years and for several years had suffered from numerous gynecological disorders. On March 30, [1989], the victim visited Koo's office to determine the results of x-rays which had been taken at a hospital the previous day. The victim arrived at the office and walked into the examination room where she disrobed, placed a sheet around her waist and sat on the examining table. Koo entered the room, grabbed the victim's arm

and gave her an injection. When the victim asked about the injection, Koo informed her that it was Valium. Koo then instructed the victim to position herself near the end of the table. He taped a corner of the sheet, which covered the victim's waist, to an overhead light. While her feet were placed in stirrups on the table, the victim felt something other than a speculum enter her vagina. She also felt Koo's body pressing back and forth against her, and Koo's hands on both sides of her legs. The victim then lifted the end of the sheet and saw Koo's penis pulling out of her and observed Koo zipping his pants.
 *Koo v. State,* 640 N.E.2d 95, 97 (Ind.Ct.App. 1994).

ed certificate of appealability by the district court constrained the scope of our appellate review under the statute. While this case has been under submission, the Supreme Court of the United States reversed this court's determination in *Lindh.* The Court instead held that the "statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment." *Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997).

The petitioner filed his petition for a writ of habeas corpus on November 13, 1995, significantly before the effective date of the new legislation, April 24, 1996. This case is therefore governed by the law that was in force prior to the statutory amendments. We therefore have no occasion to reach the issue addressed by the amicus.[3]

■ Prior to the new legislation, this circuit, and indeed the other circuits that had addressed the issue, had determined that the appellate jurisdiction of a court of appeals is not cabined by an attempt on the part of the district court to limit the scope of the appeal through the issuance of a certificate of probable cause limited to the particular issue. *See Smith v. Chrans,* 836 F.2d 1076 (7th Cir. 1988) (per curiam) (holding that a district court's limitation on a certificate of probable cause has no legal effect on the scope of the appeal and discussing authorities in other circuits). Because we must apply this law in this case, we shall address not only the issue mentioned by the district court in the certificate but also the other matters raised by the appellant in his brief before this court. With respect to each, we apply the pre-AEDPA standards of review.

## B. *Discriminatory Jury Selection*

### 1.

■ The first issue raised by Dr. Koo is whether the state trial court's decision to reinstate two female jurors who were struck by the petitioner constituted a due process violation under the Fourteenth Amendment pursuant to *Batson v. Kentucky,* 476 U.S. 79,

106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court found that a discriminatory pattern existed and that the peremptory challenges of two female venirepersons had been made with discriminatory intent. Reviewing the trial court's denial of the peremptory challenges, the state appellate court agreed that Dr. Koo's reasons for challenging the prospective female jurors were not facially neutral and concluded that no error had occurred. The state appellate court also found no error in the trial court's remedy. It rejected Dr. Koo's claim that "the trial court should have either reinstated all of the improperly struck jurors, or declared a mistrial, discharged the entire panel, and chosen a panel free from any taint." 640 N.E.2d at 100. The state appeals court then held: "Clearly the remedy which a particular trial court employs upon a finding of purposeful discrimination is a matter left to the court's discretion." *Id.* The district court reviewing Dr. Koo's habeas petition was asked to consider only the state trial court's remedy. It noted that the state court had reinstated both the two female jurors struck by the petitioner and also the one male juror struck by the prosecution. Acknowledging that in *Batson* the Supreme Court accorded discretion to trial court judges in remedying *Batson* situations when they arose, the district court concluded that the state court's remedy was neither an abuse of discretion nor a violation of petitioner's due process rights.

### 2.

We follow the pre-AEDPA standard for reviewing Dr. Koo's contention that gender-based peremptory challenges violated the rule of *Batson.* "Prior to the amendment, federal courts disregarded state courts' legal conclusions and reached independent judgments on the issues presented them," *McCain v. Gramley,* 96 F.3d 288, 289 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1320, 137 L.Ed.2d 482 (1997), but gave deference to the state courts' findings of fact, *Sumner v. Mata,* 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (per curiam). See 28 U.S.C. § 2254(d) (pre-AED-

---

**3.** Because the AEDPA does not apply in this case, the district court's granting of a certificate of appealability is dismissed and its grant of a certificate of probable cause is reinstated.

PA). We note first that the state trial court found that both sides had demonstrated discriminatory intent to exclude venirepersons. As a remedy for the *Batson* violation, the trial court reinstated the three who had been peremptorily excused on the basis of gender, two female jurors struck by the petitioner and one male juror struck by the prosecution. Dr. Koo does not challenge the findings of the state or federal courts that discriminatory peremptory challenges were made. Instead, he asserts that the state court's remedy was flawed and that it should have discharged the entire jury panel and selected a new panel.

■■■ Discriminatory peremptory challenges to eliminate potential jurors have been held to violate the constitutional right to equal protection. When the discriminatory jury selection is based on race, *Batson* forbids it; when it is based on gender, *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), which broadened the rule in *Batson*, forbids it. In this case, Dr. Koo challenges only the remedy. In fashioning a remedy for any constitutional violation, a court ought to take as its touchstone the basic proposition that the nature of the remedy must be determined by the nature and the scope of the constitutional violation. *See Milliken v. Bradley*, 433 U.S. 267, 280, 97 S.Ct. 2749, 2757, 53 L.Ed.2d 745 (1977). It is also necessary to take into account the practicalities of the situation. In this regard, we are guided by the Supreme Court's statement in *Batson* concerning a trial court's choice of remedy for discriminatory use of peremptory challenges. The Court wrote:

> In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today. For the same reason, we express no view on whether it is more appropriate in a particular case ... for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the im-

properly challenged jurors reinstated on the venire.

*Batson*, 476 U.S. at 99 n. 24, 106 S.Ct. at 1725 n. 24 (citations omitted). Through this discussion, the Supreme Court has made it clear that the fashioning of a remedy is a matter upon which state courts are to be accorded significant latitude. The state court of appeals, far more familiar than we with the customs of the Indiana trial bench in selecting a jury, thought that the trial court had acted within its discretion in fashioning the remedy it did. We are not inclined, on the basis of our independent examination of the trial record, to say that the remedy chosen was not appropriate. By its very nature, *Batson*-type discrimination is detected only after the trial judge has perceived a pattern of discrimination develop in the peremptory challenges. The "error is remediable in any one of a number of ways. Challenges found to be abusive may be disallowed; if this is not feasible because the challenged jurors have already been released, additional jurors might be called to the venire and additional challenges granted to the defendant; or in cases where those remedies are insufficient, the jury selection might begin anew with a fresh panel." *McCrory v. Henderson*, 82 F.3d 1243, 1247 (2d Cir.1996). Here, the state trial judge took the view that denying the pending peremptory challenges at the time the pattern was discerned sufficiently purged the jury of gender-based discrimination. Our own examination of the record brings us to the conclusion that this approach was a permissible one.

### C. The Admission of Prior Bad Acts Evidence

■■■ The state trial court allowed two witnesses to testify concerning alleged prior uncharged acts of sexual misconduct, acts very similar to those Dr. Koo allegedly committed on the victim in this case. *See Koo*, 640 N.E.2d at 100–01 (summarizing testimony of the witnesses). The state appellate court held first that the trial court had erred in admitting that testimony but that the error was harmless.[4] *Id.* at 101. It also deter-

---

4. The applicable state rule of evidence "excluded

evidence of prior sexual misconduct unless the

mined that "the defense had presented a specific factual claim of hallucination that the prosecution was entitled to rebut with evidence of prior misconduct." *Id.* at 102. After analyzing the admission of the bad acts evidence, the state court concluded that the evidence was highly probative and that the probative value could not be said to be outweighed by the danger of prejudicial effect. *Id.*

The district court concluded that the admission of that evidence was a matter of state law and therefore did not form the basis for habeas relief under § 2254. It also declared that any error in its admission was harmless because it did not have a " ' "substantial and injurious effect or influence in determining the jury's verdict." ' " R.24 at 5 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 994–95, 130 L.Ed.2d 947 (1995) (quoting in turn *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 1713–14, 123 L.Ed.2d 353 (1993))). Finally, the district court determined that, in any case, there was more than sufficient evidence to convict Dr. Koo without that testimony. It held that the petitioner had not been denied a fundamentally fair trial.

On appeal, Dr. Koo asserts that the testimony of his two former patients, describing uncharged prior misconduct, was inflammatory bad character evidence, the admission of which violated his due process right to a fair trial. The petitioner relies on the fact that he had objected to its admission at trial and that the state appellate court found that it should not have been admitted. Claiming that there was more than a reasonable possibility that the admission of this testimony

contributed to the verdict, Dr. Koo seeks a new trial.

■ When we review a petitioner's submission concerning a state court's evidentiary ruling based on a state rule of evidence, we do not consider the correctness of that court's determination based on the state's evidentiary laws. *See Stone v. Farley*, 86 F.3d 712, 717–18 (7th Cir.1996) (concluding the petitioner could not be granted habeas relief on a matter purely of state law), *cert. denied,* —— U.S. ——, 117 S.Ct. 973, 136 L.Ed.2d 857 (1997); *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir.1994) (stating that admissibility of evidence is generally a state law issue), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 720, 130 L.Ed.2d 626 (1995). We are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

■ Before this court, therefore, Dr. Koo has the burden of demonstrating that he suffered the deprivation of a constitutionally protected right. He claims that the evidentiary ruling violated due process by denying him a fundamentally fair trial. However, as we explained in *Watkins v. Meloy*, 95 F.3d 4 (7th Cir.1996), "the violation of a state rule of evidence is not a denial of due process." *Id.* at 6. In *Watkins*, we considered the issue whether the admission of a woman's testimony that the petitioner had raped her denied him due process of law.[5] We made clear that "[s]omething worse than a garden-variety violation of the standard of 404(b) must be

---

evidence was offered to show motive, opportunity, intent, preparation, plan, knowledge, depraved sexual instinct, identity or absence of mistake." *Koo*, 640 N.E.2d at 101 (citing *Hardin v. State*, 611 N.E.2d 123, 128 (Ind.1993)). The trial court recognized that those exceptions were not applicable in this case, but admitted the evidence based on the "corpus delicti" exception—one not included in the general rule prohibiting extrinsic offense evidence. The Court of Appeals of Indiana held the admission of that testimony to be error but harmless in light of the fact that "the extrinsic offense evidence would be admissible on remand under the newly adopted Indiana Rules of Evidence," which include Federal Rule of Evidence 404(b) as the rule governing the admissibility of uncharged misconduct in

Indiana. *Id.* (citing *Lannan v. State*, 600 N.E.2d 1334 (Ind.1992) (officially adopting Federal Rule 404(b) in Indiana)).

5. *Watkins* is markedly similar to the one before us. *Watkins* was convicted in an Indiana state court of attempted rape and was sentenced to 30 years in prison. Evidence of a prior rape was permitted at trial under Indiana's judge-made rule of evidence that is similar to Federal Rule of Evidence 404(b). In our habeas review of the admission of this evidence, we concluded there was no denial of due process even when the judge referred to defendant's "character" in jury instructions. See *Watkins*, 95 F.3d at 7.

shown to cross the constitutional threshold."
*Id.* at 7.

When a state keeps out evidence favorable to the criminal defendant or prevents him from cross-examining the prosecution's witnesses, it runs the risk of being found to have prevented him from defending himself or confronting the witnesses against him, in violation of the Sixth Amendment, which the Supreme Court has applied to the states through the Fourteenth Amendment. But when the state merely fails to limit the prosecution's evidence, the only constitutional principle to which the defendant can appeal is a catch-all sense of due process.... If the evidence is probative, it will be very difficult to find a ground for requiring as a matter of constitutional law that it be excluded; and if it is not probative, it will be hard to show how the defendant was hurt by its admission.

*Id.* at 6–7 (internal citations omitted). In this case, the admission of the evidence of Dr. Koo's past sexual conduct with former patients was proffered to rebut the defendant's evidence that the plaintiff had hallucinated the sexual encounter. The state trial judge approached the matter with care. After conducting a full day's hearing on the matter, the trial court admitted the testimony of only two of a possible six witnesses proffered by the prosecutor, the two whose experience had been most similar to the allegations made by the victim in this case. The court also gave jury instructions to minimize the prejudice. In light of this record, it is clear that the state court's admission of highly probative prior bad acts evidence did not violate Dr. Koo's right to due process under the Fifth and Fourteenth Amendments.

D. *Eighth Amendment Claim: Excessive Sentence*

 Dr. Koo was convicted of the rape of his patient and was sentenced to 20 years in prison. The state appellate court noted that sentencing determinations rest within the sound discretion of the trial court and found no abuse of that discretion in this case. Because Dr. Koo was sentenced within the statutory limits, his sentence must be "manifestly unreasonable in light of the nature of the

offense and character of the offender" for it to be overturned. *Koo,* 640 N.E.2d at 105 (citing *Ferrell v. State,* 565 N.E.2d 1070 (Ind. 1991)). After reviewing the facts of the case, as well as the aggravating and mitigating factors presented to the sentencing court, the appellate court concluded that it could not say the sentence was manifestly unreasonable.

The federal district court considered specifically whether the state trial judge's consideration of the prior bad acts evidence in sentencing Dr. Koo was violative of the Eighth Amendment. It noted that the number of aggravating factors, even without considering the evidence of prior misconduct, exceeded the number of mitigating factors; furthermore, stated the district court, it was within the discretion of a trial court to weigh those factors in determining a sentence. The sentence was within the statutory limits established under Indiana law; thus, the judge could have imposed that sentence whether or not he had considered the prior bad acts in the weighing process. The district court concluded that the state trial record did not reflect an Eighth Amendment violation.

Dr. Koo's claim that his sentence is excessive and violative of the Eighth Amendment cannot succeed on habeas appeal. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir.1994), *cert. denied,* 514 U.S. 1109, 115 S.Ct. 1961, 131 L.Ed.2d 852 (1995). However, we shall review a petitioner's showing "that the sentencing court lacked jurisdiction to impose this term or committed a constitutional error making the sentence fundamentally unfair." *Id.* (citation omitted). A sentence violates the Constitution if it is extreme and " 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) (quoting *Solem v. Helm,* 463 U.S. 277, 288, 103 S.Ct. 3001, 3008–09, 77 L.Ed.2d 637 (1983)). In *Solem* the Supreme Court enunciated three factors relevant to the proportionality determination: "(1) the inherent gravity of the offense, (2) the sentences imposed for similarly grave offenses

in the same jurisdiction, and (3) sentences imposed for the same crime in other jurisdictions." *Id.* at 986–87, 111 S.Ct. at 2697 (opinion of Scalia, J.) (citing *Solem,* 463 U.S. at 290–91, 103 S.Ct. at 3009–10).

Dr. Koo does not attempt to prove gross disproportionality with respect to any of these factors. His claim is that the testimony of the two witnesses impermissibly added to the aggravating factors and increased his sentence. According to Dr. Koo, the sentencing court should not have considered the prejudicial testimony of the two "prior misconduct" witnesses as an aggravating factor at sentencing. That evidence, the petitioner submits, when weighed against the mitigating circumstances, "resulted in an untrue balancing process" which denied him a fair trial. Pet'r Br. at 43.

As the state appellate court noted, the trial court, in determining the petitioner's sentence, took into account the fact that Dr. Koo was a physician who used his position of trust with susceptible female patients, who used his medical expertise to subdue his patient before engaging in the criminal conduct, and who took advantage of a vulnerable victim who, he knew, was sexually abused as a child. *Koo,* 640 N.E.2d at 105. The state court of appeals stated that, under Indiana law, a trial court "may rely on a single aggravating factor to enhance a presumptive sentence," *id.* at 105–06, and that these numerous aggravating factors led to a sentence that was not manifestly unreasonable. *See Duvall v. State,* 540 N.E.2d 34, 36 (Ind.1989) (establishing state standard for weighing and articulating aggravating factors in sentencing determinations). We have no authority to question the Indiana Supreme Court's interpretation of state law. *See Neumann v. Jordan,* 84 F.3d 985, 987 (7th Cir.1996); *Mason v. Duckworth,* 74 F.3d 815, 818 (7th Cir.1996). We note that the state sentencing court sufficiently articulated the aggravating circumstances it considered in enhancing Dr. Koo's sentence, and those circumstances were supported by the evidence. We conclude that the state court violated no federal right in sentencing Dr. Koo. The sentence imposed was valid under the statute and within the limits imposed by the statute.

There has been absolutely no showing that it is disproportionate to the crime.

### Conclusion

For the foregoing reasons, the district court's judgment denying the petition for a writ of habeas corpus is affirmed.

AFFIRMED.