**Ervin R. HALL–BEY, Petitioner–Appellant,**

v.

**Daniel R. MCBRIDE, Respondent–Appellee.**

No. 01–2027.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 14, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Indiana prisoner Ervin Hall–Bey filed for a writ of habeas corpus under 28 U.S.C § 2254 challenging his prison disciplinary conviction and loss of good time credits for violating prison rules on three different occasions. The district court denied relief, and we affirm.

After a fifteen-month investigation into illegal trafficking at the Wabash Valley Correctional Facility, prison authorities placed Hall–Bey in segregation and 57 days later charged him with trafficking narcotics and tobacco. An ensuing inspection of Hall–Bey's property led to two more conduct reports: one for use or possession of tobacco and a second for possession of $100. After giving notice to Hall–Bey, prison conduct adjustment boards held hearings on each of the three charges, and in each case the board returned a finding of guilty. Hall–Bey pursued his administrative remedies to the Final Reviewing Authority for the Department of Corrections, arguing that all three charges against him should be dismissed because prison rules only permitted the Department to keep him in pre-hearing segregation for 30 days during an investigation. Prison authorities declined to dismiss the charges, but did modify Hall–Bey's punishment. Hall–Bey ultimately received written reprimands, a year in disciplinary segregation, a reduction in his credit-earning class, and a loss of 150 days credit already earned toward his early release.

In the district court, Hall–Bey raised numerous constitutional objections to the handling of his case, but on appeal, he argues only that prison authorities should have dismissed all charges against him because he was kept in pre-hearing segregation for more than 30 days. According to Hall–Bey, three other inmates had charges against them dismissed outright because they were held in segregation longer than prison rules permitted. Since he did not receive the same treatment, Hall–Bey claims, prison authorities unconstitutionally deprived him of time earned toward his early release. In support Hall–Bey presented evidence that one other inmate, Kenneth Ryle, had his conviction for "unauthorized behavior" reversed because "the 10 working day plus 30–calendar day time limit for writing the conduct report was not met."

The district court properly denied Hall–Bey's petition. Absent an improper criterion like race (which Hall–Bey has not asserted on appeal and did not properly support in the district court), punishing two similarly situated inmates differently does not violate the Constitution. *Cf. United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 n. 9 (7th Cir.1998); *United*

682

States v. Sandoval–Curiel, 50 F.3d 1389, 1394 (7th Cir.1995) ("It is well established that the government retains broad discretion in determining what persons to prosecute and what charges to bring against those persons."). More fundamentally, Hall–Bey has not provided any evidence to show that he and Ryle were similarly situated in the first place. *See Wroblewski v. Washburn*, 965 F.2d 452, 459 (7th Cir. 1992) (explaining that the equal protection guarantee arises "only where individuals are similarly situated"); *see also Chavez v. Illinois State Police*, 251 F.3d 612, 636–37 (7th Cir.2001); *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir.2001).

■ The record indicates that Ryle had his disciplinary conviction for unauthorized behavior overturned because prison officials violated the "10 working day plus 30–calendar day time limit" for writing a conduct report. Hall–Bey never presented evidence showing that his trafficking and possession offenses and Ryle's unauthorized behavior offense were similar kinds of misconduct, however. And Hall–Bey submitted no other evidence, like Ryle's prior disciplinary record or the reasons for his segregation, that might permit comparison between their cases. Because Hall–Bey failed to carry his burden of proving the constitutional deprivation that he claimed, *see Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997); *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir.2001), and because the remaining issues raised by Hall–Bey are without merit, we conclude that the district court properly denied him relief.

AFFIRMED.