**William A. EVANS, Petitioner–Appellant,**

v.

**Jonathon R. WALLS, Respondent–Appellee.**

**No. 01–3358.**

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2002.*

Decided June 28, 2002.

Before POSNER, KANNE, EVANS, Circuit Judges.

## ORDER

In December 1999 William Evans, a state prisoner at Menard Correctional Center in Illinois, filed a petition, ostensibly under 28 U.S.C. § 2241, claiming that his good-time credit was being calculated erroneously. In March 2001 the district court adopted the recommendation of the magistrate judge who reviewed the case and ordered that Evans' petition be denied. The district court finally entered judgment denying the petition on August 31, 2001, and Evans timely filed a notice of appeal on September 7, 2001. Because the district court properly denied Evans' petition, we affirm.

On appeal Evans argues that the denial of his petition was erroneous for several reasons. But before we can reach the merits of his arguments, we note that in order to challenge the alleged loss of good-time credits, Evans must use a petition for a writ of habeas corpus under 28 U.S.C. § 2254, rather than a § 2241 petition. *See Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir.2000) (per curiam); *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir. 2000). But even if we construe Evans' filing as a § 2254 petition, we cannot grant the relief he seeks. His complaint alleges that the Illinois Department of Corrections has failed to follow the state statute outlining how good-time credits are to be award-

ed, which is purely an issue of state law. And the cases make clear that state law errors are not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 783, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)); *see also Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997).

Accordingly, the judgment of the district court is AFFIRMED.