**Richie John Lee RIVERA,**
**Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 01–4274.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 25, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

An Indiana State Prison conduct adjustment board ("CAB") found inmate Richie Rivera guilty of battery with a weapon and sanctioned him with one year of segregation, the loss of 365 days of earned time credit, and a demotion in credit-time earning class. After exhausting his state remedies, Rivera sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition and Rivera appeals. We affirm.

Rivera's problems began when Officer Sizemore observed him "throwing punches" at inmate Tapia. Sizemore initially wrote up Rivera for violating prison disciplinary rule B–212 by "fighting," but one week later prison authorities began investigating the incident as a potential violation of rule A–102, battery with a weapon. After investigation, Sergeant Carrasco issued a new conduct report charging Rivera with the more serious Class A violation. According to Carrasco's report, Rivera had stabbed Tapia in the upper neck and wrist.

Rivera pursued administrative appeals from the CAB's guilty finding on the more severe offense, arguing that the CAB had violated a number of Indiana Department of Correction ("IDOC") rules, particularly the prohibition against upgrading conduct reports and the directive to dismiss charges if more than one report is turned in on the same case. He also challenged the sufficiency of the evidence, noting that Tapia was never given medical treatment as a result of the incident, no weapon was ever found, and three officers at the hearing testified they did not see any weapon.

Further, Rivera contested the CAB's alleged reliance on a video tape of the incident; Rivera had requested the surveillance video before the hearing but was told that "it did not record on that date." Reviewing officials declined to disturb the CAB's decision, concluding that Rivera was never screened on the less serious offense so disciplinary officials did not run afoul of their guidelines, and sufficient evidence supported the CAB's decision. Having satisfied § 2254(b)'s exhaustion requirement, *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir.2002) (no judicial review in Indiana for prison administrative decisions), Rivera next filed his habeas corpus petition in district court.

■ Rivera suggests on appeal that the district court overlooked his "main focus or argument"–the IDOC's failure to follow its own rules and regulations. Specifically, Rivera argues that prison authorities failed to follow IDOC Adult Disciplinary Procedures in numerous ways, the most egregious in Rivera's view (because of the affect on his punishment), being the submission of two conduct reports and pursuit of the upgraded Class A charge. Indiana responds that no breach of prison procedures occurred, as the first conduct report was never screened, and the rules merely prohibit a *screening officer* from upgrading a charge or accepting multiple reports on the same incident.

Even if we give Rivera the benefit of the doubt, a prison's noncompliance with its internal regulations has no constitutional import–and nothing less warrants habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997) (state law claims not cognizable on federal habeas corpus review); *Piggie v. Hanks*, 98 F.Supp.2d 1003, 1008 (N.D.Ind.2000) (prison officials' violations of IDOC policies are not inde-

pendent bases of relief under § 2254). Although the prison was required to provide Rivera with due process before revoking his earned good-time credits or lowering his credit-earning class, *see Montgomery v. Anderson*, 262 F.3d 641, 643–44 (7th Cir.2001), the CAB hearing on the more severe charge did exactly that. IDOC regulations may forbid submitting two reports or upgrading the resulting charged offense, but unless the upgrade itself prevented Rivera from presenting his defense, *see Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), it is not constitutionally defective. On the Class A battery-with-a weapon charge, prison officials provided Rivera more than 24 hours' notice, allowed him to defend against *that charge* before an impartial CAB, and explained to him in writing why the CAB convicted him. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

■ Lastly, although Rivera fails on appeal to clearly renew his challenge to the sufficiency of the underlying evidence, it is not lacking, as the later report by Sergeant Carrasco constitutes "some evidence" that Rivera used a weapon when he accosted Tapia. *See Hill*, 472 U.S. at 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999) (conduct report alone provides "some evidence").

AFFIRMED.