**Rick HILL, Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

**No. 02–2640.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.*

Decided Dec. 18, 2002.

Before RIPPLE, KANNE, and
ROVNER, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Inmates at state prisons in Indiana are prohibited from giving or accepting money without proper authorization. *See* Ind. Dep't of Corr. Adult Disciplinary Policy Procedures at Appendix I, Offense 234. Rick Hill, an inmate at Indiana State Prison, was found guilty of trying to get around that prohibition. Mr. Hill directed the prison to mail $25 from his prison account to a post office box number in care of Rannetta Augusta. But prison officials became suspicious and launched an investigation after realizing that numerous inmates were sending money to Ms. Augusta. They discovered that Ms. Augusta was sending the money she received from inmates back into the prison to Kenneth Simpson, a fellow inmate (for reasons not apparent from the record). Investigators charged Mr. Hill and the other inmates who participated in this scheme with giving or attempting to give money to Mr. Simpson without authorization. *Id.* at Appendix I, Offenses 234, 240.

A Conduct Adjustment Board ("CAB") found Mr. Hill guilty and sanctioned him to a loss of 90 days of earned credit time and reassigned him to a lower credit class. Mr. Hill appealed to both the prison superintendent and to the Indiana Department of Corrections, but both upheld the CAB's decision. Mr. Hill then filed a petition for habeas corpus with the district court pursuant to 28 U.S.C. § 2254, claiming that the CAB hearing violated his Fifth and Fourteenth Amendment right to due process, and that the CAB punished him more harshly than other inmates in violation of his Fifth and Fourteenth Amendment right to equal protection. The district court denied his petition and Mr. Hill filed a timely appeal.

Indiana state prisoners have a liberty interest in good-time credits and are therefore entitled to due process before the state takes those credits away. *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). The minimum process due is (1) 24 hours' advance written notice of the claimed violation; (2) an opportunity to present a defense to an impartial decision maker, including the chance to call witnesses and present documentary evidence; and (3) a written explanation of the decision. *Wolff v. McDonnell*, 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Mr. Hill identifies two alleged due process violations committed during his disciplinary hearing. First, he claims that the CAB did not permit him to use a lay advocate or present documentary evidence during his hearing. But Mr. Hill signed two CAB forms waiving any right he had to use a lay advocate and to present documentary evidence. He argues in a conclusory fashion that his waivers are invalid because the CAB "had him" waive his rights. Appellant's Br. at 11. But he has not described any coercive conduct or presented any other evidence that his waivers were not voluntary, and so has not met his burden of demonstrating a constitutional violation. *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997).

■ Second, Mr. Hill claims that the CAB lacked sufficient evidence to find him guilty, but due process requires only that the disciplinary board's decision be supported by "some" evidence. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.), *cert. denied*, 531 U.S. 999, 121 S.Ct. 497, 148 L.Ed.2d 468 (2000). That standard is "meager," and is met as long as there is *any* evidence in the record supporting the CAB's determination of guilt. *Id.* The CAB's written decision reflects that the Board considered both Mr. Hill's conduct report as well as the remittance slip on which he directed the prison to forward

money from his prison account to Ms. Augusta. The conduct report details the alleged scheme in which inmates sent money to Ms. Augusta, who then forwarded the payments back into the prison to Mr. Simpson. The conduct report itself constituted *some* evidence, and therefore the CAB had sufficient evidence to sanction Mr. Hill. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999).

■ Mr. Hill also claims that the CAB violated his Fifth Amendment right to equal protection when it punished some inmates (including him) more harshly than other inmates who participated in the same scheme. But absent evidence that any disparity in punishment was based upon a suspect classification (like race or religion), punishing inmates differently for the same offense violates the Equal Protection clause only if there is no rational connection between the punishments and the offenses. *See Holman v. Page,* 95 F.3d 481, 486 (7th Cir.1996). Mr. Hill alleges that the CAB punished inmates differently based upon the prison job the inmate held, not upon a suspect classification; therefore, the punishment need only be rational. But, because Mr. Russell has provided no evidence of the disciplinary histories of the punished inmates or the other circumstances involving their offenses, he has failed to establish that the punishments were not rational.

Finally, we note that the appellee has requested that we reconsider our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000), *cert. denied,* 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000), in which we held that appeals involving prison disciplinary board decisions do not require a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A) because they do not "arise out of process issued by a state court." *Id.* at 638. But the appellee has provided no novel argument for overturning *Walker,* and we decline the invitation to reconsider our position.

For the reasons stated above, we AFFIRM the judgment of the district court.