**Brian HITE, Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 02–2818.

United States Court of Appeals,
Seventh Circuit.

Submitted March 26, 2003.*

Decided March 26, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

### ORDER

After a Conduct Adjustment Board ("CAB") found Indiana inmate Brian Hite guilty of rioting, Mr. Hite was sanctioned with one year in disciplinary segregation, the loss of 180 days of earned-credit time, a demotion in credit-time earning class, and a recommendation that he be moved to a more secure facility. After exhausting his state remedies, Mr. Hite sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition, and Mr. Hite appeals. We affirm.

Mr Hite is currently incarcerated at Indiana State Prison, but his petition arises out of events that occurred when he was previously confined at Otter Creek Correctional Center, a private, contract prison in Kentucky. On the evening of July 5, 2001, a yard disturbance escalated into an indoor riot that caused significant damage to the prison's dormitory units. Among other things, inmates damaged dormitory walls and restroom fixtures and threw television sets out of windows. After conducting an investigation, prison Chief of Security Richard Courtney identified Mr. Hite as an "active participant" in the riot, and issued a conduct report charging him with rioting.

At the disciplinary hearing, the CAB considered evidence from a number of sources. It reviewed Mr. Hite's statement that he did not participate in the riot, as well as statements submitted by ten of his requested witnesses. The CAB also considered the conduct report and a confidential investigation report in which certain inmates implicated Mr. Hite in the riot. Based on the staff statements, witness statements, the conduct report, and the investigative report, the CAB found Mr. Hite guilty. Mr. Hite appealed the CAB ruling to the Otter Creek warden and then to the Indiana Department of Corrections' final reviewing authority, C.A. Penfold, who reduced the revoked earned-credit time (from 365 days to 180 days) but otherwise declined to disturb the CAB's decision.

Having satisfied § 2254(b)'s exhaustion requirement, Mr. Hite next filed this petition in federal court. He raised a host of challenges to the CAB proceeding, includ-

ing the following: that the CAB's reliance on a confidential report and confidential informants deprived him of due process; that the conduct report lacked sufficient detail; that the CAB was biased; that his lay advocate was denied access to certain documents; that he was prevented from calling certain witnesses; and that the CAB lacked sufficient evidence to find him guilty. The district court denied the petition. Based on the evidence presented against Mr. Hite, including the prison investigator's confidential report, the district court determined that Mr. Hite had received adequate process.

On appeal Mr. Hite renews the arguments rejected by the district court. He first argues that his due process rights were violated by the CAB's reliance on confidential information—specifically, the confidential investigation report prepared by Courtney, and certain statements of confidential informants. Mr. Hite argues that the confidential nature of the investigation report somehow prejudiced him, in that he was deprived of an opportunity to "set or prepare his defense." And he challenges the confidential informants' statements as unreliable because it was "a known fact that inmates were rewarded for their statements against other inmates."

■■■ Mr. Hite has a liberty interest in earned-credit time and his credit-earning class, and therefore is entitled to due process before either can be taken away. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002). Although a prison may keep investigation reports and informants' identities confidential for security and safety reasons, *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir.1995) (per curiam), due process requires that confidential information bear sufficient indicia of reliability, *see, e.g., Rasheed–Bey v. Duckworth*, 969 F.2d 357, 361–62 (7th Cir.1992). The reliability

of confidential information may be established by several methods, including a district court's *in camera* review of material documenting the investigator's assessment of the confidential information. *E.g., Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir.1994).

■■■ Here the prison submitted under seal a copy of the confidential investigation report and an affidavit prepared by Courtney describing his investigation and the protocol he and other officers followed when interviewing inmates. The report also names the five individuals who independently identified Mr. Hite as a participant in the riot. In reviewing the *in camera* material, the district court noted that it was "increasingly troubled by seeing so many cases of this variety in which a confidential report or informant is involved and not disclosed." But the court nonetheless determined that the information implicating Mr. Hite was sufficiently reliable, a conclusion we review for clear error. *Id.; Wells v. Israel*, 854 F.2d 995, 1000 (7th Cir.1988).

We do not believe that the district court's determination was clearly erroneous, especially given Mr. Hite's failure to point to any evidence supporting his contention that prison officials rewarded informants for their testimony against fellow inmates. We too have carefully reviewed the investigation report—which identifies those inmates who implicated Mr. Hite—and agree with the district court's conclusion that the report is sufficiently reliable. Similarly, our review of Courtney's sworn statement attesting to the reliability of the informants satisfies us that there has been no due process violation here. *See Henderson*, 13 F.3d at 1078–79.

■■■ Mr. Hite next argues that he did not receive adequate notice of the charge against him because the conduct report did

not state the elements of rioting, and he therefore did not know what he "must defend against." Mr. Hite was entitled to adequate notice of the charges against him so that he could "marshal the facts in his defense." *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). But adequate notice only need include the number of the rule violated and a summary of the factual basis for the charge. *Whitford,* 63 F.3d at 534. Mr. Hite's conduct report informed him that he was being charged with "rioting," a violation of Code 103, and explained that he had been identified as an active participant in the dormitory riot on July 5th, in which inmates "bust[ed] block walls, bust[ed] restroom fixtures and [threw] institutional television sets out the windows." Because Mr. Hite was apprised of both the factual basis for the charge and the rule he supposedly violated, he received all the process that he was due. *Id.*

■ Mr. Hite also asserts that the CAB was biased and without authority to preside over his hearing because its members were Indiana employees instead of Otter Creek employees. Due process includes the right to a CAB comprised of impartial decisionmakers, *see Wolff,* 418 U.S. at 571, 94 S.Ct. 2963, but Mr. Hite does not point to anything in the record suggesting that the members of the CAB who handled his case were anything but impartial. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 767 (7th Cir.2001).

Next Mr. Hite makes the perplexing claim that his right to present documentary evidence, *see Wolff,* 418 U.S. at 566, 94 S.Ct. 2963, was somehow violated when the law library failed to provide his lay advocate copies of certain definitions (such as "riot" and "assembly") from Black's Law Dictionary and Ballentine's Law Dictionary. But Mr. Hite does not explain, and we fail to see, how the definitions might

have cast doubt on his involvement in the riot. Even if the lay advocate timely requested the definitions, their absence could not have harmed Mr. Hite. *See Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir.2002) (petitioner failed to demonstrate how requested documents would have shed light on whether he possessed weapons as charged).

■ Mr. Hite further contends that his due process rights were violated when the screening officer refused to include Warden William Wolford's name on his list of requested witnesses. Inmates have a due process right to call witnesses when doing so would be consistent with institutional safety and correctional goals, *Wolff,* 418 U.S. at 566, 94 S.Ct. 2963, but there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary. *Forbes v. Trigg,* 976 F.2d 308, 317–18 (7th Cir.1992). Here, Mr. Hite does not explain how the warden's testimony would have supplemented the witness statements considered by the CAB, so we are unable to see how he was harmed by the screening officer's alleged conduct. *See id.* at 318.

■ That leaves Mr. Hite's assertion that the cumulative errors in his proceeding rendered the evidence insufficient to support the CAB's finding of guilt. But having determined that the CAB was entitled to rely both on the confidential informants' statements and the conduct report identifying Mr. Hite as a participant in the riot, we conclude that the requisite "some evidence," *Supertendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see also McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999) (conduct report alone provides "some evidence"), supports the CAB's determination.

■ We note that Mr. Hite also asserts a number of alleged violations of prison

policy, but such errors are strictly matters of state law and do not warrant a federal court's habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Koo v. McBride,* 124 F.3d 869, 874 (7th Cir.1997).

As a final matter, we decline Indiana's invitation to revisit our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000).

For the foregoing reasons, the judgment of the district court is AFFIRMED.