**Samuel GRAHAM, Petitioner–Appellant,**

v.

**John R. VANNATTA, Respondent–Appellee.**

No. 02–3155.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 29, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

## ORDER

A Miami Correctional Facility Conduct Adjustment Board ("CAB") found Indiana inmate Samuel Graham guilty of possessing tobacco and sanctioned him by revoking 60 days of earned good-time credit. After exhausting his state remedies, Graham sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition, and Graham appeals. We affirm.

■ Graham's disciplinary charge stemmed from an incident in November 2001. Sergeant Vickey Ladd stated in a conduct report that she saw Graham leaving the "chow hall" with a plastic baggy containing a brown leafy substance that looked like tobacco. When Ladd confronted Graham, he passed the baggy to another offender, whom Ladd identified at the time as Michael Casey. Ladd recounted that she "stopped both offenders and found the bag of substance." Ladd also wrote a conduct report regarding Casey, explaining that after stopping the pair she retrieved the baggy from Casey. Both Graham and Casey were charged with possessing tobacco in violation of prison disciplinary rule B–245.

At Casey's disciplinary hearing, the CAB found him not guilty because Sergeant Ladd "recanted" her conduct report as to him. In response, Graham requested that his own disciplinary hearing be postponed to allow Ladd to explain how she identified him. Ladd then filled out a witness statement form as follows: "He handed me his ID!!"

At Graham's hearing the CAB reviewed staff reports, statements from Graham's witnesses, and a photograph of the tobacco. Casey submitted a statement saying that Graham did not pass him anything. The CAB concluded that Graham was guilty, reasoning that "he had possession at one time" even if "the offender he passed the tobacco to was wrongfully identified." Graham appealed this decision through Indiana's administrative process, arguing that insufficient evidence supported the CAB's decision and that his case should have been dismissed along with Casey's. His appeals were unsuccessful, so Graham next filed his habeas corpus petition in district court. We review the district court's determination that Graham's CAB proceeding was constitutionally sound *de novo. See Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir.2002) (per curiam).

Graham first contends that the CAB lacked sufficient evidence to conclude that he possessed tobacco. Because Indiana prisoners have a protected liberty interest in earned good-time credits, Graham was entitled to due process before those credits were taken away. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002) (per curiam). To satisfy the demands of due process in the prison context, the CAB's determination of guilt must be supported by "some evidence in the record." *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). The "some evidence" standard requires only that the decision not be arbitrary or without support in the record. *Hill*, 472 U.S. at 457.

Graham argues that, aside from the conduct report, no evidence supports his disciplinary conviction. But the conduct report alone provides "some evidence" of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). Ladd's report explained that she saw Graham with the baggy. And the fact that Graham no long-

er had the tobacco when he was stopped, or that Ladd ultimately withdrew her charge against Casey, does not exculpate Graham. Indeed, Ladd stood by her report implicating Graham, explaining that she knew that he was the person she saw with the baggy because he produced his identification when she stopped him shortly thereafter. And Ladd's assertion that the substance in the baggy *looked like* tobacco provides some evidence that it *was* tobacco. Thus, the evidence against Graham was sufficient to satisfy due process. Moreover, it does not matter whether the evidence fell short of the preponderance standard that Graham says is required under Department of Corrections regulations. CAB standards of proof are matters of state law that do not warrant habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997).

■ Graham also argues that the CAB violated his rights under the Equal Protection Clause of the Fourteenth Amendment by convicting him and not Casey. The state responds that Graham has not preserved any equal protection claim for collateral review because he did not include it in his administrative appeals or his petition in the district court. But Graham did complain generally at each level of review that his conviction could not stand when Casey's charges had been dismissed. And we have explained that a prisoner may preserve claims without "articulat[ing] legal arguments"—the administrative appeal need only sufficiently alert the reviewing body to the alleged problem. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Graham's general complaints at each level about the resolution of Casey's charge suffice under that standard. Nonetheless, the Equal Protection Clause is not implicated every time one individual is treated differently from another. Graham does not allege that the CAB discriminated against him based on race or any other impermissible basis; nor does he allege that prison officials pursued the charges against him based solely on a vindictive desire to "get" him. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotations and citation omitted). Essentially he is arguing that his sanction was imposed arbitrarily and was thus unfair.

Although it is true that prison officials may not impose disciplinary action arbitrarily, *see McPherson*, 188 F.3d at 787, the minimal safeguards of due process are sufficient to protect inmates from arbitrary action. *See Hill*, 472 U.S. at 454–55; *McPherson*, 188 F.3d at 787. Graham received the benefit of the constitutionally required procedural safeguards: he was given advance written notice of the charges, *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), allowed to present his own testimony and that of his requested witnesses to an impartial CAB, *id.* at 566, 570–71, and received from the CAB a written decision, *id.* at 564, explaining why it believed that he was guilty notwithstanding Ladd's apparent misidentification of Casey. Thus, the CAB's decision was not unconstitutionally arbitrary.

AFFIRMED.